# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WESLEY A THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1184-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social, | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Wesley A. Thompson filed this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Gary M. Purcell, who recommends that the Commissioner's decision be affirmed.

Plaintiff filed his application for disability benefits in April 2010. After a second administrative hearing, the Administrative Law Judge ("ALJ") found that plaintiff was not capable of performing his past relevant work, but could perform other available work in the economy. The Appeals Council denied plaintiff's request for review, so the ALJ's decision became the final decision of the Commissioner.

In his Report and Recommendation, the magistrate judge initially concluded the ALJ's findings at step two of the five-step sequential evaluation process, that plaintiff's mental impairment due to anxiety was not severe, and at steps three and four, that his mental

impairment did not limit his ability to work, were well supported by the record. He rejected plaintiff's argument that the ALJ erred when he failed to include any mental limitations in the hypothetical question posed to the vocational expert ("VE"), who testified at the first administrative hearing. The magistrate judge also rejected plaintiff's contention that the ALJ improperly failed to consider his obesity beyond step two. The magistrate judge was not persuaded that the ALJ should have recontacted one of plaintiff's treating physicians, Dr. Hubbard, that he failed to evaluate medical opinions or to consider and discuss certain evidence, specifically the report of the mental reviewers and a note made by a state agency clerk regarding a telephone interview he had with plaintiff. Finally, the magistrate judge did not agree with plaintiff that the ALJ's credibility determination was inadequate, concluding that "the ALJ provided specific and legitimate reasons for discounting Plaintiff's subjective complaints and closely and affirmatively linked his credibility findings to substantial evidence in the record." Doc. #20, pp. 13-14.

Plaintiff reurges most of the arguments he makes on appeal in his objections to the Report and Recommendation. The court has conducted the required *de novo* review of the portions of the magistrate judge's report to which plaintiff has objected.

Contending that even non-severe mental impairments must be discussed and considered at steps four and five, plaintiff initially asserts that the ALJ improperly failed to include mental limitations in his RFC evaluation and in his hypothetical to the VE. However, an "ALJ's failure to conduct a . . . particularized assessment of mental functions at step four

[is] harmless error [when] [t]here is no substantial evidence that would allow a reasonable administrative factfinder to include any mental limitations in [the] RFC." Alvey v. Colvin, 536 Fed. Appx. 792, 795 (10th Cir. 2013). The magistrate judge noted that "[t]he ALJ pointed to specific medical evidence in the record to support the findings of mild functional limitations, including the office notes of Plaintiff's treating physician, Dr. Hubbard, and Plaintiff's own report that he continued working beyond his alleged disability onset date." Doc. #20, p. 6. The magistrate judge also noted that plaintiff failed to "point to any evidence in the record that would demonstrate his anxiety impairment had more than a minimal impact on his ability to work." *Id.* Therefore, despite the ALJ's failure "to employ the step-four analytical procedure prescribed by the regulations," the court concludes the error was harmless "[b]ecause the evidence in this case does not support assessing any functional limitations from mental impairments." Alvey, 536 Fed. at 794.

Plaintiff next objects to the ALJ's alleged improper evaluation of medical source and other source evidence, citing the ALJ's failure to recontact Dr. Hubbard, his asserted failure to explain the inconsistencies in the State agency mental reviewers' report and his failure to expressly consider the notation in the record regarding the state agency clerk's telephone interview with plaintiff.[1] The court agrees with the magistrate judge that, because the ALJ

---

[1] *Plaintiff also appears to be challenging the magistrate judge's determination that the ALJ failed to evaluate properly Dr. Hubbard's medical "opinion." The magistrate judge concluded plaintiff did "not point to any medical opinions provided by [the] physician[] assessing Plaintiff's ability to perform work-related functions." Doc. #20, p. 8. In his objection he once again did not point to any medical opinion.*

had sufficient evidence to determine the disability issue, he did not err by failing to recontact Dr. Hubbard regarding office notes that appeared to include inadvertent discrepancies due to "cutting and pasting." Doc. #12, p. 4. The court also agrees with the magistrate judge's analysis and determinations that the ALJ was not required to expressly consider Dr. Gerrity's Psychiatric Review Technique ("PRT") form,[2] or the state clerk's note regarding the phone interview. Plaintiff's remaining objection is to the ALJ's credibility determination. The court agrees with the magistrate judge that the ALJ's credibility determination was supported by substantial evidence and that he did not err in questioning plaintiff's credibility.

Accordingly, the court **ADOPTS** the Report and Recommendation of Magistrate Judge Purcell. The Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated this 20th day of November, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*Plaintiff asserts that both the ALJ and the magistrate judge failed to explain the inconsistency between the reviewer's conclusion that plaintiff "had no medically determinable mental impairments," and his completion of the " PRT form showing mild limitations." Doc. #21, p. 5. Any error in this regard was harmless because, as the magistrate judge stated, "the ALJ's findings with respect to Plaintiff's alleged mental impairment due to anxiety are consistent with the findings of Dr. Gerrity, the agency's medical consultant, that Plaintiff's alleged mental impairment had resulted in only mild functional limitations." Doc. #20, p. 9.*

4